IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHRISTOPHER HOUSTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS, Warden, San Quentin State Prison<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | No. 13-CV-5609 WHA<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER GRANTING MOTION FOR EQUITABLE TOLLING** |

**INTRODUCTION**

Petitioner, a condemned inmate at San Quentin State Prison, filed a motion on January 8 requesting equitable tolling of the one-year statute of limitations applicable to federal habeas petitions. Respondent objects to any grant of equitable tolling. The Court has read the motion and opposition and finds that a reply is unnecessary. For the reasons outlined below, equitable tolling is granted.

**BACKGROUND**

In 1993, petitioner was convicted in Napa County Superior Court of the first-degree murders of Robert Brens, Judy Davis, Beamon Hill, and Jason White. The jury found true the special circumstance allegation that petitioner committed a multiple murder, and sustained the enhancement allegation that he used a firearm in the commission of the murders. Petitioner was also convicted of ten counts of attempted murder, with a finding that the attempted murders

were willful, deliberate, and premeditated, and that petitioner personally used a firearm in the commission of the attempted murders. Finally, petitioner was convicted of three counts of assault with a firearm and false imprisonment for the purpose of protection from arrest. The jury sentenced him to death on September 20, 1993.

The California Supreme Court affirmed petitioner's conviction and death sentence. *People v. Houston*, 54 Cal. 4th 1186 (2012), *modified on denial of rehearing* (Sept. 19, 2012). The United States Supreme Court denied the petition for writ of certiorari on March 18, 2013. *Houston v. California*, __ U.S. __, 133 S. Ct. 1588 (2013).

While his direct appeal was still pending, petitioner filed a state habeas petition in the California Supreme Court. The petition was denied on November 26, 2013. (ECF Docket No. 3)

Petitioner filed a request for appointment of federal habeas counsel and stay of execution in this Court on December 4, 2013. This request was granted. (ECF Docket No. 5) His case was referred to the Selection Board for recommendation of counsel. Counsel were appointed on January 2, 2015. Petitioner requests tolling of the 394-day period (December 4, 2013 until January 2, 2015) during which he was without counsel.

**LEGAL STANDARD**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year deadline for an application for writ of habeas corpus. *See* 28 U.S.C. § 2254(d)(1). The one-year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" concludes when the United States Supreme Court denies a petition for certiorari or the time for seeking certiorari review expires. *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). In petitioner's case, the one-year period began to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's limitations period was statutorily tolled during the pendency of his state habeas petition. 28 U.S.C. § 2244(d)(2). His state habeas petition was filed prior to the conclusion of direct review and was denied on November 26, 2013. Thus, absent tolling, in

1  order to have submitted a timely application, petitioner must have filed a federal habeas petition
2  no later than November 25, 2014.

3  The one-year limitations period of § 2244(d)(1) is not jurisdictional and can be equitably
4  tolled. *Holland v. Florida*, 560 U.S. 631, 645-46 (2010). A federal habeas petitioner "is
5  entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and
6  (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at
7  649 (internal quotation marks omitted). Although equitable tolling will not be available in most
8  circumstances, it may be appropriate where external forces, rather than a petitioner's lack of
9  diligence, account for failure to file a timely claim. *See Miles v. Prunty*, 187 F.3d 1104, 1107
10 (9th Cir. 1999).

11 Petitioner asserts that he is entitled to equitable tolling because he lacked counsel during
12 394 days of his statutory period. In capital cases, an indigent petitioner has a statutory right to
13 counsel, which includes the right to legal assistance in the preparation of a habeas petition. *See*
14 18 U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 856-57 (1994). The Supreme Court
15 has observed that given the complex nature of capital habeas proceedings and the seriousness of
16 the possible penalty, an attorney's assistance in preparing a habeas petition is crucial.
17 *McFarland*, 512 U.S. at 855-56. In particular, "the right to counsel necessarily includes a right
18 for that counsel meaningfully to research and present a defendant's habeas claims." *Id*. At 858.
19 Accordingly,

20 > a capital habeas petitioner us generally entitled to equitable tolling during the
>    time that a court is seeking counsel to represent the petitioner because the lack of
21 > appointed counsel is an extraordinary circumstance that often makes it
>    impossible for a petitioner to file an otherwise timely petition that has been
22 > prepared with the assistance of counsel.

23 *Stanley v. Martel*, No. 3-7-cv-4727-EMC, slip op. At 2 (N.D. Cal. July 26, 2011) (Order
24 Granting in Part & Den. In Part 2d Mot. for Equitable Tolling) (internal quotation marks and
25 citation omitted); *see also Jablonski v. Martel*, No. 3-7-cv-3302-SI slip op. at 2-3 (N.D. Cal.
26 Sept. 9, 2011) (order granting motion for equitable tolling). The absence of counsel during 131
27 days of petitioner's statutory period thus constitutes an extraordinary circumstance prevening
28 him from filing the petition that he is statutorily entitled to file.

3

Moreover, petitioner has pursued his rights diligently. This is evidenced by the fact that he initiated the present action approximately one week after his state habeas petition was denied and the AEDPA statute of limitations commenced. *See, e.g., Hoyos v. Wong*, No. 3-9-cv-388-L-NS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20, 2012).

Respondent asserts that Congress enacted the AEDPA to prevent delays, and that granting equitable tolling would "not implement Congress' design and would severely undermine it in ways profoundly prejudicial to the states' interest in avoiding protracted federal review." (ECF Doc. No. 14 at 5) While the AEDPA's statute of limitations may indeed aim to remedy delay, it does not negate petitioner's entitlement to equitable tolling under the instant circumstances.

Respondent further states that because petitioner can only raise exhausted claims on federal review, he already has in his possession the state briefs that will form the basis of his federal petition and tolling is, therefore, not necessary. *Id*. at 6. Contrary to respondent's assertion, the exhaustion doctrine does not moot petitioner's right to investigate and develop claims for federal habeas review, nor does it defeat his eligibility for equitable tolling. Respondent's argument lacks merit.

## CONCLUSION

The Court concludes that petitioner has been pursuing his rights diligently, and the delay in appointing counsel prevents the timely filing of a finalized petition. The Court, therefore, grants petitioner's request for equitable tolling. Petitioner shall file his finalized petition on or before December 28, 2015. The case management conference scheduled for February 12, 2015 is vacated.

**IT IS SO ORDERED.**

Dated: January __26__, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4