UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHRISTOPHER HOUSTON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS, Warden, San Quentin State Prison,<br><br>　　　　Respondent. | Case No.  13-CV-5609 WHA<br><br>DEATH PENALTY CASE<br><br>**ORDER GRANTING MOTION TO STAY AND ABEY** |

**INTRODUCTION**

Petitioner, a condemned inmate at San Quentin State Prison, filed a motion requesting a stay and abeyance of his federal habeas petition in order to fully exhaust his claims in state court. Respondent objects. For the reasons stated below, petitioner's motion is granted.

**BACKGROUND**

In 1993, petitioner was convicted in Napa County Superior Court of the first-degree murders of Robert Brens, Judy Davis, Beamon Hill, and Jason White. The jury found true the special circumstance allegation that petitioner committed a multiple murder, and sustained the enhancement allegation that he used a firearm in the commission of the murders. Petitioner was also convicted of ten counts of attempted murder, with a finding that the attempted murders were willful, deliberate, and premeditated, and that petitioner personally used a firearm in the commission of the attempted murders. Finally, petitioner was convicted of three counts of assault with a firearm and false imprisonment for the purpose of protection from arrest. The jury

sentenced him to death on September 20, 1993.

The California Supreme Court affirmed petitioner's conviction and death sentence. *People v. Houston*, 54 Cal. 4th 1186 (2012), *modified on denial of rehearing* (Sept. 19, 2012). The United States Supreme Court denied the petition for writ of certiorari on March 18, 2013. *Houston v. California*, __ U.S. __, 133 S. Ct. 1588 (2013).

While his direct appeal was still pending, petitioner filed a state habeas petition in the California Supreme Court. The petition was denied on November 26, 2013 (Dkt. 3).

Petitioner filed a request for appointment of federal habeas counsel and stay of execution in this Court on December 4, 2013. The request was granted (Dkt. 5). His case was referred to the Selection Board for recommendation of counsel. Counsel was appointed on January 2, 2015.

Petitioner requests a stay of his federal habeas proceedings while he exhausts his claims in state court (Mot. to Stay at 14). He argues that he is entitled to a stay under *Rhines v. Weber,* 544 U.S. 269 (2005). *Id.* Respondent contends that a stay is not warranted (Opp. at 1-2).

**LEGAL STANDARD**

The Supreme Court follows a rule of "total exhaustion" requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period to file for federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the

2

Supreme Court stated in *dicta* that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 5401 F.2d 1019, 1024 (9th Cir. 2008).

Most recently, in *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014), the Ninth Circuit held that "[ineffective assistance] by post-conviction counsel can be good cause for a *Rhines* stay," finding that such a conclusion was consistent with and supported by *Martinez*. *Martinez v. Ryan*, 132 U.S. 1309, 1315 (2012) (holding that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default). The court of appeals found that the "good cause element is the equitable component of the *Rhines* test," and that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust.]" *Id* at 982. The petitioner in *Blake* argued that he failed to exhaust his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence that he suffered extreme abuse as a child, as well as organic brain damage and psychological disorders. *Id.* He supported his argument with evidence of his abusive upbringing and history of mental illness. In light of this showing, the court of appeals found that the district court abused its discretion in denying a stay and remanded the case. *Id.* at 983-84.

**DISCUSSION**

Petitioner alleges that post-conviction counsel's lack of funds and post-conviction counsel's

3

ineffective assistance constitute good cause for the failure to exhaust, that the claims are potentially meritorious, and that petitioner has not been dilatory in pursuing the claims (Mot. to Stay at 8). Respondent argues that petitioner fails to show good cause for his failure to exhaust, that the claims are not potentially meritorious, and that petitioner has been dilatory in pursuing the unexhausted claims (Opp. at 1-2). As discussed below, petitioner meets the requirements for a stay.

### 1. GOOD CAUSE

In claim 18, petitioner alleges that trial counsel was ineffective in failing to supplement proof of the grand jurors' ethnicities in support of the defense motion to set aside the indictment because the composition of the grand jury violated the fair cross-section requirement (Mot. to Stay at 10). Although trial counsel did show a prima facie violation of the fair cross-section requirement, trial counsel failed to "make a showing of underrepresentation of these groups on the venires in relation to their numbers in the county." *Houston*, 54 Cal. 4th at 1208. State habeas counsel was ineffective in failing to augment the claims with the required information and was on notice of the need to do so by the California Supreme Court's reasoning in its denial of the claim on appeal (Mot. to Stay at 4). This is directly analogous to *Blake* where counsel neglected to present evidence necessary to succeed on a potentially meritorious and dispositive claim. *Blake*, 745 F.3d at 983-84.

Petitioner supplies sufficient evidence to satisfy *Blake*. *Blake*, 745 F.3d at 983-84. An expert witness testified that the grand jury pool selection methodology would systematically exclude non-white ethnic groups. 5 RT 1035. Petitioner also supplies the names, identities, and the likely ethnicities for substantially all of the grand jury members who indicted petitioner. Substantially all of the identified grand jury members appear to be Caucasian (Pet., Ex. 261). Petitioner also possesses evidence showing the actual ethnic composition of the county during jury selection and its disparity from the composition of the jury and the venires (Pet. at 194).

The alleged ineffective assistance of counsel supplemented by the evidence demonstrating petitioner's potential success on the claim is enough to satisfy the reasonable excuse and evidentiary requirements of *Blake*. *Blake*, 745 F.3d at 983 (9th Cir. 2014).

Based on its review of the record, the Court finds that petitioner has advanced a reasonable excuse, supported by evidence, to justify his failure to exhaust his claims. *See Blake*, 745 F.3d at 982. Accordingly, petitioner's showing of post-conviction ineffective assistance satisfies the *Rhines* good cause requirement. *Rhines*, 544 U.S. at 273-75.

### 2. MERIT OF CLAIMS

Petitioner argues that all of his unexhausted claims are potentially meritorious and that each meets the requirements for a stay under *Rhines* (Mot. for Stay at 8). In his reply, respondent argues that petitioner has failed to show that his claims are potentially meritorious because he has not demonstrated prior counsel's ineffectiveness. Respondent focuses his argument on claims 18 and 23 (Opp. at 10).

Under the second prong of the *Rhines* test, a district court would abuse its discretion if it were to grant a petitioner a stay when his claims are plainly "meritless." *Rhines*, 544 U.S. at 277. Here, petitioner has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him. Based on review of the record, it cannot be concluded that petitioner's unexhausted claims are plainly meritless.

### 3. ABSENCE OF DILATORY TACTICS

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Court already found that the petitioner has been pursuing his rights diligently when it granted equitable tolling (Dkt. 15). Since then, petitioner has been following this Court's Habeas Local Rules in litigating his

5

petition. There is no further evidence that petitioner has engaged in dilatory litigation tactics to date. Petitioner satisfies the third prong of *Rhines*.

## CONCLUSION

For the above-mentioned reasons, the Court finds as follows:

1) Petitioner's motion for a stay is GRANTED;

2) Counsel for petitioner shall file an exhaustion petition raising Claim Eighteen; Subclaims B, C, D, E, and F of Claim Twenty-One; Claim Twenty-Two; Claim Twenty-Three; Claim Twenty-Four; and Subclaims D and F of Claim Twenty-Five in state court within 90 days of the date of this order;

3) To the extent that any claim contains allegations or supporting documentation that were not part of the state court record, pursuant to *Cullen v. Pinholster*, 131 U.S. 1388, 1400 (2011), such materials must be presented to the California Supreme Court before they may be reviewed by this Court under 28 U.S.C § 2254(d)(1). Accordingly, they should be included in the exhaustion petition;

4) One hundred and twenty days after the entry of this order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this court a brief report updating the court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

IT IS SO ORDERED.

Dated: June 28, 2016

_____
WILLIAM ALSUP
United States District Judge